## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEO KHAYET,** | |
| **Plaintiff,** | |
| v. | Case No. 17-2122-JAR-GEB |
| **DENNIS BOERSEN, et al.,** | |
| **Defendants.** | |

### MEMORANDUM AND ORDER

Plaintiff Leo Khayet filed this breach of contract action against several Defendants in 2017. The parties entered into a Joint Stipulation of Dismissal of All Claims without prejudice on September 27, 2017.[1] Several years later, on July 27, 2021, the Court entered the following text entry order: "The court has ordered the clerk to take all steps reasonably necessary to stop the contact between Mr. Khayet and the court by phone or email. Nothing in this order prohibits Mr. Khayet from filing a pleading in an existing case or instituting a new action in the District of Kansas."[2]

There has been no activity in this case since that time until recently, when Plaintiff filed a flurry of pro se submissions, including motions to reopen the case and for relief from the Court's July 27, 2021 Order.[3] The Court denied his motions on March 14, 2025, finding that there were no grounds to reopen the case, and that there were no grounds for relief under the local rule or Fed. R. Civ. P. 60(b) because the July 27, 2021 Order was untimely, was not a "final" order, no

---

[1] Doc. 38.

[2] Doc. 39.

[3] Docs. 40–44, 46–52, 54.

other extraordinary circumstances were present that would justify relief, and the Court's Order did not prohibit Plaintiff from filing a pleading in an existing case or a new action.[4]

Now before the Court is Plaintiff's Motion for Reconsideration (Doc. 46) of the Court's March 14, 2025 Order and Motion for Reconsideration (Doc. 54) of the Court's subsequent Order on March 26, 2025, denying his six motions to expedite the Court's ruling on the first motion for reconsideration.[5] For the reasons stated below, the Court denies his motions.

## I. Legal Standards

Plaintiff moves to reconsider under D. Kan. Rule 7.3:

> Except for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time. A motion to reconsider must be based on:
> (1) an intervening change in controlling law;
> (2) the availability of new evidence; or
> (3) the need to correct clear error or prevent manifest injustice.

A court's decision is clearly erroneous if it is "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."[6] Courts in this district have described manifest injustice to mean "direct, obvious, and observable error."[7]

## II. Motion to Reconsider the March 14, 2025 Order

Plaintiff first argues that the Court erred in the March 14, 2025 Order denying his motions to reopen and reconsider the text entry order limiting his ability to communicate with the Court by phone and email, but his arguments are unavailing. Plaintiff's original motions

---

[4] Doc. 45.

[5] Doc. 53.

[6] *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001) (quoting *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996)).

[7] *Gorenc v. Proverbs*, 447 F. Supp. 3d 1110, 1113 (D. Kan. 2020) (quoting *Hadley v. Hays Med. Ctr.*, No. 14-1055, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017)).

were untimely under both D. Kan. Rule 7.3 and Fed. R. Civ. P. 60(b).[8] There was a fourteen-day deadline under the local rule, and a one-year/reasonable-time limit under Rule 60(c)(1). Plaintiff now seeks a retroactive extension of time in order to remedy the untimeliness. Yet, the motions to reconsider and reopen were filed almost four years after the July 27, 2021 Order, and Plaintiff offers no explanation at all for the lengthy delay.[9] Accordingly, the Court did not err in finding his motions untimely, and declines to grant him an almost-four-year retroactive extension of time to move for reconsideration.

Second, Plaintiff concedes that the July 21, 2021 Order was not final; thus, his other arguments about the applicability of Rule 60(b) must fail. Nonetheless, Plaintiff argues that the Court failed to consider his argument that it lacked jurisdiction to enter the July 27, 2021 Order—presumably relying on Rule 60(b)(4). But again, this rule only applies to final orders and judgments. And the Court has "inherent authority 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'"[10]

Finally, Plaintiff contends that the Court should reconsider its March 14, 2025 Order on the basis of a conversation he had with the Tenth Circuit's Clerk's Office about one of that court's orders. This is not a basis to reconsider this Court's decision. For all of these reasons, Plaintiff's motion to reconsider the Court's March 14, 2023 Order is denied.

---

[8] *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177 (10th Cir. 2005) (explaining timeliness requirement under Rule 60(b)).

[9] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700–01 (10th Cir. 2017) ("[A]n extension can only be granted for good cause regardless of when the extension was requested. But if the extension request was filed after the original deadline, the court must also determine whether the failure to timely meet the deadline was due to excusable neglect.").

[10] *United States v. Akers*, 807 F. App'x 861, 867 n.4 (10th Cir. 2020) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)).

### III. Motion to Reconsider the March 26, 2025 Order

After the Court ruled on March 14, 2025, Plaintiff immediately filed another flurry of motions, including six motions to expedite his motion to reconsider the March 14, 2025 Order. The Court summarily denied these motions, indicating that his motion to reconsider would be "decided in the normal course."[11] Plaintiff "objects" and reincorporates his arguments in the underlying motions to expedite. But none of these filings offer a reason to expedite the Court's decision; they all argue the merits of reconsidering the Court's July 27, 2021 Order, and ask the Court to take judicial notice of certain documents. There was no basis offered, much less good cause, for the Court to expedite ruling on Plaintiff's motion to reconsider.[12] Thus, the Court did not err by denying Defendant's seriatim motions to expedite.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions for Reconsideration (Docs. 46, 54) are **denied**.

**IT IS SO ORDERED.**

Dated: May 6, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11] Doc. 53.

[12] *See* 28 U.S.C. § 1657 (allowing a district court to expedite civil proceedings if good cause is shown).